Case 3:08-cv-01474-JM-AJB   Document 3   Filed 08/06/2008   Page 1 of 3

JS-6

FILED
CLERK, U.S. DISTRICT COURT

AUG -6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS COSTILLO,<br><br>             Petitioner,<br><br>     v.<br><br>LARRY SCRIBNER, Warden,<br><br>             Respondent. | NO. CV 08-5082 VBF (FMO)<br><br>ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

### INTRODUCTION

Petitioner is a California state prisoner incarcerated at the Calipatria State Prison in Calipatria, California.[1] On August 4, 2008, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. In the Petition, petitioner challenges a decision reached by the Board of Parole Hearings ("Board") regarding petitioner's suitability for parole. (Petition at 2, 5 & Attach. 3 at i). For the reasons discussed below, petitioner's action is transferred to the United States District Court for the Sourthern District of California.

### DISCUSSION

Where a petition for writ of habeas corpus is filed by a person in custody under the judgment and sentence of a state court located in a state such as California that contains two or

---

[1] Larry Scribner, Warden of the Calipatria State Prison where petitioner is incarcerated, is substituted as the proper respondent. See Fed. R. Civ. P. 25(d)(1).

more federal judicial districts, it may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d). As a general rule, when a habeas petitioner is challenging his underlying conviction or sentence, the district court for the district in which the petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records, and witnesses. See Gallegos v. Guirbino, 2001 WL 548558, at *1 (N.D. Cal. 2001) ("a petition challenging a conviction or the imposition of a sentence is preferably heard in the district of conviction"); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 1129 (1973) ("traditional venue considerations" in determining the proper venue for a habeas action include: (1) where the material events took place; (2) where records and witnesses pertinent to the petitioner's claim are likely to be found; and (3) the convenience of the parties). Thus, it has been the practice of the district courts in California to transfer habeas actions questioning state convictions/sentences to the district in which the petitioner was convicted and sentenced. See, e.g., Laue v. Nelson, 279 F.Supp. 265, 266 (N.D. Cal. 1968); accord Magruff v. Ayers, 2007 WL 1674215, at *1 (N.D. Cal. 2007). However, "[w]here [a] petitioner challenges the manner in which his sentence is being executed, e.g. parole or time credits claims, the district of confinement is the preferable forum." Hawkins v. Kernan, 1995 WL 691875, at *1 (N.D. Cal. 1995); accord Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined."); Weidert v. Yates, 2006 WL 1068650, at *1 (E.D. Cal. 2006) ("[T]he district of confinement is the proper forum for [a] challenge to a denial of parole.") (internal quotation marks omitted).

Here, petitioner was convicted and sentenced in Los Angeles County, which is located within the Central District of California. (See Petition at 2); see also 28 U.S.C. § 84(c)(2). However, a review of the Petition indicates that petitioner is not challenging his underlying conviction or sentence. (See Petition at 2, 5 & Attach. 3). Rather, he is challenging the Board's November 17, 2005, decision denying him parole. (Id. Attach. 3 at 5). While such a claim properly is brought as a petition for writ of habeas corpus, see Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836 (1973) ("habeas corpus is the appropriate remedy for state prisoners

2

1  attacking the validity of the fact or length of their confinement"), the district where petitioner is
2  confined is the most convenient forum to consider it. See Giovinco v. Carey, 2003 WL 21696204,
3  at *1 (N.D. Cal. 2003) (where petitioner was challenging the Board's decision to deny him parole,
4  the case was transferred to the district of confinement, which was the "preferable forum to review
5  the execution of [petitioner's] sentence[]").

6      As stated above, petitioner is confined at the Calipatria State Prison in Calipatria,
7  California. Calipatria is located in Imperial County within the boundaries of the Southern District
8  of California. See 28 U.S.C. § 84(d). Further, the Board hearing in which petitioner was denied
9  parole was conducted within the boundaries of the Southern District of California (i.e., the district
10 of confinement). (See Petition, Attach. 2, Exh. A) (transcript of petitioner's parole hearing).

11     Under the circumstances, the Court believes that the Southern District of California, the
12 district of confinement, is the preferable forum to review the execution of petitioner's sentence.
13 See Jackson v. Board of Prison Terms, 2001 WL 345509, at *1 (N.D. Cal. 2001) (although
14 petitioner was convicted and sentenced in Los Angeles County, because he was challenging the
15 execution of his sentence, transfer of the petition to the venue where petitioner was confined was
16 proper).

17     Accordingly, IT IS HEREBY ORDERED that this matter shall be **transferred** to the United
18 States District Court for the Southern District of California.

19 DATED: _____Aug 6_____, 2008.

20                                                        VALERIE BAKER FAIRBANK
21                                                        UNITED STATES DISTRICT JUDGE



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**To:**   Clerk, United States District Court
_____ District of _____

_____

**Re:**   Transfer of our Civil Case No. _____

Case Title: _____

Dear Sir/Madam:

**An order having been made transferring the above-numbered case to your district, we are transmitting herewith our file:**

☐   Original case file documents are enclosed in paper format.
☐   Electronic Documents are accessible through Pacer.
☐   Other: _____
_____

Very truly yours,

Clerk, U.S. District Court

Date: _____   By _____
                                           Deputy Clerk

cc:   All counsel of record

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

**Please acknowledge receipt via e-mail to appropriate address listed below and provide the case number assigned in your district:**

☐   CivilIntakecourtdocs-LA@cacd.uscourts.gov   (Los Angeles Office)
☐   CivilIntakecourtdocs-RS@cacd.uscourts.gov   (Riverside Office)
☐   CivilIntakecourtdocs-SA@cacd.uscourts.gov   (Santa Ana Office)

Case Number: _____

Clerk, U.S. District Court

Date: _____   By _____
                                           Deputy Clerk